IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNIE FAGANS,

        Plaintiff,        Civil No. 08-1158-AA

        v.               ORDER

MARK NOOTH, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by denying plaintiff adequate medical treatment for his hand and arm injuries.

    Defendants now move to dismiss (#19) on the ground that plaintiff failed to exhaust his grievance remedies prior to filing this action against defendants.

    The PLRA, 42 U.S.C. § 1997e(a), requires that inmates

1 - ORDER

exhaust all remedies prior to filing a 42 U.S.C. § 1983 action.  Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). In Woodford, et al. v. Ngo, 126 S.Ct. 2378, 2006 U.S. Lexis 4891 (June 22, 2006), the Supreme Court held that failure to comply with all important procedural aspects of an institution's grievance system bars subsequent civil rights litigation.

The Oregon Department of Corrections has a grievance system to address inmate complaints.  Oregon's grievance system is set forth in the Oregon Administrative Rules at 291-109-0100 through 291-109-0190.  Collectively, those OARs set forth a three step grievance process that must be properly and timely completed in order for an inmate's grievance to be effectively exhausted. Affidavit of Teresa Hicks (#21) Attachment 2.

The Affidavit of Teresa Hicks establishes that plaintiff filed two grievances concerning the injuries giving rise to his claims in this action.

Plaintiff filed a grievance about his hand injury on July 27, 2007.  Nurse Manager Viki Clarke responded on September 14, 2007. On October 9, 2007, plaintiff appealed the grievance response.  Dr. Steve Shelton responded that it appeared that

2 - ORDER

plaintiff's "medical issue (had) been handled appropriately." Affidavit of Teresa Hicks (#21) p. 4-5 and Attachment 4. Petitioner did not appeal Dr. Shelton's response. Affidavit of Id. paragraph 17.

On July 28, 2008, plaintiff filed a grievance complaining that Dr. Gulick failed to give plaintiff treatment for plaintiff's injured right bicep at an appointment on June 18, 2008. Affidavit of Teresa Hicks (#21) Attachment 5, p. 1. Nurse Manager Hodge responded on August 11, 2008. Id., p. 2. Plaintiff did not appeal the grievance response. Affidavit of Teresa Hicks (#21) p. 6, paragraph 20, 21.

In his Response to Defendants' Rule 12(B) Motion to Dismiss (#22) at p. 2, plaintiff argues "(d)efendants resolved my claims as stated in either my grievance or first appeal which was satisfactory to me and there was no need to proceed to the next tier. ... The defendants gave me surgery. That's all I asked for. ... (plaintiff) actually won his grievance at the first level and no appeal could have brought further relief" Response (#22) p. 3 - 4.

Thus plaintiff argues that he was not required to grieve any more than he did because he obtained what he sought through the grievance process. If plaintiff prevailed at the first grievance level so that no appeal was required, he has no basis to claim that his medical care has been inadequate

3 - ORDER

with respect to the matters grieved.

Plaintiff can not have it both ways. If he received the relief sought through the grievance process, he has no basis for a claim in this proceeding. If plaintiff's claims are based on the same matters he grieved, he failed to exhaust the grievance process. If plaintiff is alleging that he is not satisfied with the medical care he has received since the time he last filed a grievance, he is required to grieve that allegedly inadequate care before filing suit.

Plaintiff's complaint alleges that he has not received adequate medical care for his alleged hand and arm injuries. As discussed above, plaintiff filed grievances concerning his medical treatment for those injuries but did not exhaust available administrative remedies with respect to those claims.

Accordingly, defendants' Motion to Dismiss (#19) is allowed. Plaintiff's complaint is denied without prejudice and this proceeding is dismissed.

IT IS SO ORDERED

DATED this ___17___ day of April, 2009.

                              /s/Ann Aiken
                              Ann Aiken
                              United State District Judge